(No. 44033.─)

THE COUNTY OF McLEAN, Appellee, v. KICKAPOO CREEK, INC., *et al.,* Appellants.

*Opinion filed March 30, 1972.─Rehearing denied May 25, 1972.*

UNDERWOOD, C.J., took no part.

THOMSON, THOMSON & MIRZA, of Bloomington (JEROME MIRZA, of counsel), for the appellants.

PAUL R. WELCH, State's Attorney, of Bloomington, (JEFFRY KNUCKLES, Senior Law Student Assistant), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from judgments of the circuit court of McLean County entered after a consolidated bench trial finding defendants, Kickapoo Creek, Inc., and its president, L. David Lewis, guilty of criminal contempt. The corporation was fined $20,000 and Lewis was sentenced to one year in the county jail and fined $10,000. Defendants do not challenge the sufficiency of the evidence, but contend that they never waived their right to a jury trial.

On Wednesday, May 27, 1970, the circuit court restrained and permanently enjoined the defendant corporation and its officers from proceeding with a planned rock

festival which was to be conducted over the Memorial Day weekend, 1970, on a farm held in trust, with L. David Lewis as trustee. The rock festival occurred and thereafter contempt proceedings were instituted against the defendants. At trial no jury was present nor were opening statements made or requested. The trial court did not inquire if defendants desired a jury nor did defense counsel expressly state that a jury trial was waived.

The evidence indicated that at the festival there was nudity, illicit drug usage, and apparent damage to surrounding property caused by some spectators whose numbers were estimated to be in the thousands. The traffic conditions surrounding the farm were apparently chaotic due to the lack of proper parking facilities and the police had to tow many of the spectators' vehicles in an effort to alleviate traffic congestion. Evidence establishing the expenditure of funds from public agencies patroling the area was also introduced. Lewis testified that he took no affirmative action to curtail the festival activities.

During closing arguments the State's Attorney recommended that if defendants were adjudged guilty, the corporate defendant be severely fined and defendant Lewis be severely fined and incarcerated for six months in his capacity as an officer and director of the corporate defendant and an additional six months as trustee. At this juncture of the proceedings, defense counsel for the first time intimated that he believed that "this was a petty offense hearing," and that "we have not waived a jury trial in these proceedings." He then concluded, "We withheld our consent to proceed without a jury trial in this case. We never consented to proceeding."

All parties in the instant case characterize the proceedings as being in the nature of criminal contempt. We agree. Criminal contempt is conduct directed against the authority and dignity of the court *(People ex rel. Kazubowski v. Ray, 48 Ill.2d 413)*, and its penalty is purely punitive.

We further agree with defendants' contention that the

penalties imposed classify the contempts as being of a serious nature. In Illinois, no maximum punishment is prescribed for convictions of criminal contempt. *(People v. Stollar, 31 Ill.2d 154.)* Where no maximum penalty is authorized, the seriousness of the charge is to be determined by the severity of the actual sentence *(Frank v. United States, 395 U.S. 147, 23 L.Ed.2d 162, 89 S.Ct. 1503; Bloom v. Illinois, 391 U.S. 194, 20 L.Ed.2d 522, 88 S.Ct. 1477; Cheff v. Schnackenberg, 384 U.S. 373, 16 L.Ed.2d 629, 86 S.Ct. 1523.)* In *Cheff* the court relied upon a Federal statute (18 U.S.C., sec. 1) which defined a petty offense as "(a)ny misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500 or both ***," to differentiate between "petty" and "serious" criminal contempts. In *Cheff* the court held that a sentence of up to 6 months incarceration may be imposed for criminal contempt without affording the defendant a jury trial.

Applying this criteria to the facts of the instant case, we find that Lewis was convicted of a serious offense entitling him to a jury trial unless waived and this right is also afforded to the corporate defendant for its fine exceeded $500. *United States v. R.L. Polk and Company (6th cir. 1971), 438 F.2d 377.*

In *Bloom,* the court concluded: "Criminally contemptuous conduct may violate other provisions of the criminal law; but even when this is not the case convictions for criminal contempt are indistinguishable from ordinary criminal convictions, for their impact on the individual defendant is the same." (391 U.S. 194, 201, 20 L.Ed.2d 528.) Recognizing this similarity we perceive no justification for not imposing the standards for jury waiver required in other forms of criminal proceedings.

A defendant who is informed and who expresses his desire may waive his right to a jury trial. *(People ex rel. Swanson v. Fisher, 340 Ill. 250.)* This waiver must be understandingly accomplished in open court (Ill.Rev.Stat.

1971, ch. 38, par. 103—6; *People v. Williams, 36 Ill.2d 194, 202)*, and it is the court's duty to establish that the waiver is properly made. *(People v. Clark, 30 Ill.2d 216; People v. Wesley, 30 Ill.2d 131.)* A defendant, however, may acquiesce in his attorney's express waiver of a jury under certain circumstances. *People v. Novotny, 41 Ill.2d 401; People v. Sailor, 43 Ill.2d 256.*

The facts presented in this case do not establish that quantum of proof from which we can say that Lewis, individually or as the corporation president, knowingly or expressly waived the right to a jury trial by remaining silent during the proceedings. Nor did defense counsels' actions affirmatively establish a sufficient basis under decisions of this court to constitute a waiver of the right to a jury trial which might be imputed to defendants.

The trial court, during closing argument of defense counsel, correctly expressed the quandary created by the *Bloom* decision for Illinois courts in criminal contempt proceedings. The court remarked in substance that a determination of the validity of the right to a jury trial would entail the necessity of the court's determination of the seriousness of the offense prior to the introduction of any evidence. In order to alleviate this difficulty we hold that in all cases involving criminal contempt, the trial court may refuse to honor defendant's demand for a jury trial. However, this refusal or the trial court's failure to sufficiently inquire if defendant wishes to waive this right will merely limit the maximum penalty which may be imposed upon conviction to incarceration for a period of six months or less and limit any fine to a maximum of $500. (See *Frank v. United States, 395 U.S. 147, 150, 23 L.Ed.2d 162, 167.)* Only in those circumstances where the penalty actually imposed exceeds six months incarceration or a fine in excess of $500 must the record reflect that defendant was afforded a jury trial or knowingly and understandingly waived his right in open court. Our decision as it relates to the maximum allowable fine in

criminal contempt cases must apply equally to both individual as well as corporate defendants. *United States v. R.L. Polk and Company (6th cir. 1971), 438 F.2d 377.*

For the aforementioned reasons the judgments of the circuit court of McLean County are reversed and the causes remanded for a new trial in accordance with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE UNDERWOOD took no part in the consideration or decision of this case.