THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD RONDEAU, Defendant-Appellant.

(No. 71-81;

Second District—December 6, 1971.

*Supplemental opinion filed December 1, 1972.*

E. Roger Horsky, of Defender Project, of Elgin, (Ralph Ruebner and Kenneth L. Gillis, of counsel,) for appellant.

William Ketcham, State's Attorney, of Geneva, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant was sentenced to the penitentiary for a term of 2 to 7 years for the offense of burglary, 2 to 5 years for the offense of theft of property exceeding $150 in value and 2 to 5 years for the offense of attempted escape, all terms to run concurrently. It is from the judgment of guilt and the order of sentencing in each instance that defendant appeals.

During the pendency of the appeal, defendant's appellate counsel, the Illinois Defender Project, filed a motion (supported by a brief) to withdraw as his attorney. The motion claims the appeal to be frivolous. The brief in support of the motion relates consideration of the following issues: (1) the three indictments were legally sufficient, (2) the procedures leading to the taking of the guilty plea were in accordance with Illinois law and no error occurred, (3) the trial judge fully admonished the defendant concerning a) the nature of the charges, b) the possible length of the sentence and the defendant knowingly and understandingly waived his rights, (4) the sentence was unambiguous and, (5) the sentences imposed were not excessive.

The brief further states: "that on the attempted escape charge, an admonishment as to the possible length of sentence does not appear in the report of proceedings; that the judgment order, however, does contain the statement that such admonition was made and, therefore offers a presumption that a proper admonishment did occur (citing, *People v. Farris*, 392 Ill. 267, 268-269 (1946), and *People v. Fuhs*, 390 Ill. 67, 69 (1945); that to upset the guilty plea on attempted escape would avail the defendant nothing since that sentence is being served concurrently with the sentences for burglary and theft."

The motion was filed on June 28, 1971, and a copy served upon the State and the defendant. On June 29, 1971, this Court ordered the motion continued until July 30, 1971, to allow the defendant to file any additional matters meritorious on his behalf. A copy of the order was forwarded to the defendant in the customary practice; however, the defendant has not, up to the date the cause was taken under advisement (November 23, 1971), filed any response.

On May 8, 1967, the U.S. Supreme Court in *Anders v. California*, 386 U.S. 738, 18 L.Ed. 493, 87 S.Ct. 1396, pronounced the procedure to be followed in those instances where counsel for a defendant in a criminal appeal believes that a review of the case would be frivolous and without merit. Counsel herein has followed the procedure established. When this is done, "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the

appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if the state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Anders*, p. 744.

We have reviewed the records in each of the cases before us, as dictated by *Anders*, and question whether, on all three charges, proper admonition was afforded the defendant herein before the acceptance of the plea of guilty.

■■ To avoid placing this Court in the position of an advocate and to allow the State the opportunity to respond to what might be a meritorious issue or issues, the Court will allow the motion of counsel to withdraw and, by supplemental order, appoint new counsel to proceed with the defendant's appeal.

Motion to withdraw allowed;
appeal continued.

SEIDENFELD and GUILD, JJ., concur.

## SUPPLEMENTAL OPINION

On December 16, 1971, after filing the previously unpublished opinion above, this Court appointed Roy Lasswell, public defender of Kane County; the records herein were delivered to him on February 28, 1972. An order of June 20, 1972, directed the public defender to file briefs, abstracts or excerpts of record before July 17, 1972. After failure to comply, present counsel was appointed on July 20, 1972, with directions to file briefs or other pleadings on or before August 25, 1972.

On August 24, 1972, present counsel filed a motion (supported by brief) to withdraw as attorney, stating the appeal to be frivolous, and arguing that the defendant was properly admonished as to the burglary and theft charges.

A review of the admonishment indicates that, though the trial court inquired as to the voluntariness of statements defendant had given to authorities, no inquiry was made as to the voluntariness of the plea.

■■ Additionally, it is admitted that the trial court did not advise the defendant of his right to trial by jury. Counsel argues that *People v. Reeves*, 50 Ill.2d 28 (1971), which interpreted *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed. 274, 89 S.Ct. 1709 (1969), has overruled Appellate Court decisions citing *Boykin* for the proposition that it is reversible error not to admonish a defendant of his right to trial by jury prior to the entry of a plea of guilty. Counsel misinterprets *Reeves*. The question of jury waiver was not before the Court; only the right to confront accusers

and the privilege against self-incrimination were at issue. Counsel further argues that the statutes in force at the time defendant entered his plea (February 2, 1970) only required that the court not accept a plea of guilty until the consequences of the plea and the maximum penalty provided by law had been explained to the defendant. To this end, counsel cites Ill. Rev. Stat. 1969, ch. 110A, sec. 401(b); ch. 38, sec. 113—4(c) and 115—2. Counsel seems to have overlooked section 103—6 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, sec. 103—6), which was also in force at the time, and which provides:

> "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court."

██  A trial court has a duty to see that defendant's waiver of the right to trial by jury "is not only expressly but also understandingly made," (*People v. Fisher*, 340 Ill. 250, 265 (1930). See also, *People v. Surgeon*, 15 Ill.2d 236, 238 (1958); *People v. Sailor*, 43 Ill.2d 256, 260 (1969); *Cty. of McLean v. Kickapoo Creek, Inc.*, 51 Ill.2d 353, 355-356 (1972).) Pertinent to the admonition on the offenses of burglary and theft, no inquiry was made of defendant regarding his willingness to forego a trial by jury. There could, therefore, have been no understanding waiver of that right evidenced in the record.

Counsel also admits that the court made no attempt to admonish the defendant before accepting his plea of guilty to attempted escape, but argues "to upset the guilty plea of attempted escape charge would avail the defendant nothing since that sentence is being served concurrently with those for theft and burglary * * *. Petitioner further believes that because the record is lacking in any basis for appeal in cases 70-CF393 (burglary) and 70-CF395 (theft), the appeal should be considered frivolous and that defendant be directed to pursue any remedy which he may have under the Post Conviction Act * * *." We find no merit to this argument.

Having twice been met with motions for withdrawal of counsel on the basis that the appeal is frivolous, it seemed apparent that appointment of yet another counsel was not the remedy. As stated in the original opinion, this Court did not wish to assume the position of advocate by unfairly foreclosing the State's opportunity to replying to any conclusions we might reach in an *ex parte* manner. According to defendant's motion for reduction of bond (made pending trial), he had been incarcerated since November 27, 1969, and to further delay processing this appeal would certainly be unfair to defendant. Therefore, on September 26, 1972, an order was entered on this Court's motion, granting leave to the State to file a brief on or before October 25, 1972, stating why the judgments of

conviction under appeal should not be reversed and remanded on the grounds of an insufficient admonishment by the trial court.

The State declined to file a brief but did file a written response wherein it, too, asserted the appeal to be frivolous, and claimed that Supreme Court Rule 401 (governing pleas of guilty and effective at the time herein) only required that the defendant understand the nature of the charge, consequences of his plea and his right to counsel, and that the rule did not require the defendant be informed of his right to trial by jury. We have already stated that while the rule does not so require, the statute does.

■■ The State's response also informs us that the defendant was released on parole on July 24, 1972, and is presently employed. It is argued that this fact renders the issues in the case, moot. We do not agree. Granting of parole does not resolve the issues, nor does it cure errors discussed herein. While the defendant may be free from confinement, he is, on the basis of an invalid conviction, subject to reconfinement during the period of the sentences imposed.

Finally, the State reasons that if this Court were to reverse and remand the judgments herein, such action would not be in the best interests of the defendant. Determination of this proposition is best left to the defendant's election.

Counsel's motion to withdraw is allowed. For the reasons stated, the judgments of conviction herein are reversed and the cases appealed are remanded with directions to permit the defendant to withdraw his pleas of guilty and plead anew.

Motion to withdraw allowed; Cases reversed and remanded with directions.

SEIDENFELD and GUILD, JJ., concur.