THE COUNTY OF McLEAN, Plaintiff-Appellant, *v.* KICKAPOO CREEK, INC. *et al.*, Defendants-Appellees.

(No. 12126;

Fourth District—November 21, 1973.

Paul R. Welch, State's Attorney, of Bloomington, for appellant.

No appearance for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals from the order of the trial court which denied its motion to forfeit the appeal bonds of the defendants, L. David Lewis and Kickapoo Creek, Inc.

In consolidated bench trials, defendants were found guilty of criminal contempt. The corporation was fined $20,000, and Lewis was sentenced to one year in the county jail and fined $10,000.

Lewis executed an appeal bond secured by real estate upon:

> "The condition of this Bond is that if the judgment of this Court is sustained on appeal and the find [*sic*] and costs imposed against L. David Lewis are paid, or if the conviction is reversed, then this obligation to be void; otherwise to remain in full force and effect."

An order of the trial court authorized the deposit of funds of Kickapoo Creek, Inc., with the clerk of the circuit court:

> "* * * [T]o be held by the Clerk as security for the payment of the fine and costs adjudged against Defendant, Kickapoo Creek, Inc., in the above cause. Said funds to be held by the Clerk until the further order of the Court."

The judgments of conviction were reversed and the cause remanded

for a new trial. *County of McLean v. Kickapoo Creek, Inc.*, 51 Ill.2d 353, 282 N.E.2d 720.

The mandate of the Supreme Court was filed. After service of notice by certified mail, defendants failed to appear for trial. Defendants' counsel was given leave to withdraw as to these defendants. Thereupon, plaintiff moved for forfeiture against the respective defendants. It is plaintiff's contention that the condition of the bonds requires the appearance of defendants upon the reversal and remand of the cause to the circuit court.

Examination of the bonds and order providing cash security shows them to be essentially in the language of and upon the conditions of a bond for payment of judgment and costs as provided in Supreme Court Rule 305(d). Neither the bond nor the order for deposit of cash security contained any of the terms or conditions of an appeal bond as set forth in Ill. Rev. Stat. 1971, ch. 38, par. 110—10(b).[1]

The trial court found that the bond and order remain in full force and effect and that the issues and costs remain to be determined. Upon such finding, the denial of plaintiff's motion is not a final and appealable order which gives this court jurisdiction upon appeal. (Constitution of Illinois, 1970, Art. 6, par. 6; S.Ct. Rule 301.) Absent such final order, the appeal must be dismissed.

Appeal dismissed.

CRAVEN, P. J., and SMITH J., concur.

---

[1] (b) If the defendant is admitted to bail after conviction the conditions of the bail bond shall be that he will:

(1) Duly prosecute his appeal;
(2) Appear at such time and place as the court may direct;
(3) Not depart this State without leave of the court;
(4) Such other reasonable conditions as the court may impose and
(5) If the judgment is affirmed or the cause reversed and remanded for a new trial, forthwith surrender to the officer from whose custody he was bailed."