THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ECOMA BANKS *et al.*, Defendants-Appellants.

Third District   No. 78-119

Opinion filed April 26, 1979.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellants.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

This appeal involves five felony-theft convictions on charges arising out of the sale of stolen motorcycles to undercover agents who were

conducting a covert fencing operation in Joliet during the summer of 1977. After jury trials ended with guilty verdicts against defendants in other cases originating with the same investigation (see *People v. Banks* (3d Dist., 1979), 70 Ill. App. 3d 51, 389 N.E.2d 174, and *People v. Banks* (3d Dist., 1979), 70 Ill. App. 3d 1045, 389 N.E.2d 177), defendants elected to stipulate to the facts charged in the indictments in this cause, and the bench trial.

Defendant Banks stipulated that he had sold without authority from the owner two Kawasaki motorcycles to undercover agents at the store they operated and that the value of each motorcycle exceeded $150. Defendant Hamilton stipulated that without the owner's authority, he sold three motorcycles at the same store and that each motorcycle had a value greater than $150. The court asked each defendant whether he understood that the stipulation would compel a judgment of guilty; each answered in the affirmative and indicated his desire to proceed. Banks was found guilty on two counts of theft, and Hamilton was found guilty on three counts.

In the course of the undercover fencing operation, the motorcycle transactions were videotaped. During the stipulated bench trial, defense counsel moved that the motion to suppress the videotapes presented in the other cases be incorporated into this case. This motion had sought to suppress the film on the ground that the eavesdropping authorization was overly broad, and the motion had been denied. The court ordered that the motion to suppress, the evidence and arguments, and the ruling thereon be incorporated from the other cases into this one.

The court found defendants guilty, and then this case was consolidated with the other cases involving these same defendants for purposes of sentencing. Each was sentenced to a term of probation to run concurrently with probationary terms for other crimes. Defendants have appealed, contending, first, that the motion to suppress was erroneously denied and, second, that the trial court erred in failing to admonish defendants pursuant to Supreme Court Rule 402.

■■ After appeal was instituted, this court ruled in *People v. Childs* (3d Dist. 1979), 67 Ill. App. 3d 473, 385 N.E.2d 147, that the judicial authorization for use of an eavesdropping device in connection with this undercover operation was lawful. That ruling controls in the instant case, and we therefore find that the trial court properly denied defendants' motion to suppress the videotape evidence.

■■ ■ Defendants also contend that the stipulated bench trial was tantamount to entry of a plea of guilty and that the Supreme Court Rule 402(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 402(a)) requires certain admonishments be given by the court. Defendants insist that in this

proceeding the court had no issue of guilt or innocence to decide, and the fact that they sought to preserve the pretrial suppression ruling for consideration on appeal did not change the nature of the proceeding. Numerous authorities dealing with this question have been called to our attention, and to some extent indicate a divergence of views. However, the case which is controlling here is the recent decision of this court in *People v. Sullivan* (3d Dist., 1979), 72 Ill. App. 3d 533, 391 N.E.2d 241), where we stated that, if a genuine defense or a purported defense is either actually established or is included in the stipulation, then the proceeding is not equivalent to a plea of guilty. (See also *People v. Russ* (1st Dist. 1975), 31 Ill. App. 3d 385, 334 N.E.2d 108.) In *Sullivan*, the stipulation included evidence of the arrest, the search, and the seizure of stolen property, all of which the defendant had sought unsuccessfully to suppress. Since a purported defense was included in the stipulation, no admonishments were required. The case at bar presents exactly the same situation since here defendants expressly stipulated to the purported defense raised by the motion to suppress. The trial court did not err.

The final issue confronting this court is whether the accused knowingly, intelligently and voluntarily waived his right to a jury trial as required by section 103—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—6), which states:

> "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court."

We have considered the entire record, both the common law record and the report of proceedings to conclude and resolve what occurred in the trial court. That record on appeal, particularly the verbatim transcript of the proceedings or any statement by the defendant or his attorney, or any admonition by the trial judge, does not contain any discussion as to a waiver of jury trial by defendant. The State has not claimed that the record is incomplete, so we must conclude that the record is silent as to a jury waiver.

As Justice Moran said in *People v. Rondeau* (2d Dist. 1971), 8 Ill. App. 3d 286, 289, 291 N.E.2d 666, 668:

> "A trial court has a duty to see that defendant's waiver of the right to trial by jury 'is not only expressly but also understandingly made,' (*People v. Fisher*, 340 Ill. 250, 265 (1930). See also, *People v. Surgeon*, 15 Ill. 2d 236, 238 (1958); *People v. Sailor*, 43 Ill. 2d 256, 260 (1969); *Cty. of McLean v. Kickapoo Creek, Inc.*, 51 Ill. 2d 353, 355-356, (1972).) Pertinent to the admonition on the offenses of burglary and theft, no inquiry was made of defendant regarding his willingness to forego a trial by jury. There could, therefore,

have been no understanding waiver of that right evidenced in the record."

■ Our supreme court said in *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 355-56, 282 N.E.2d 720, 722:

"A defendant who is informed and who expresses his desire may waive his right to a jury trial. (*People ex rel. Swanson v. Fisher*, 340 Ill. 250.) This waiver must be understandingly accomplished in open court (Ill. Rev. Stat. 1971, ch. 38, par. 103—6; *People v. Williams*, 36 Ill. 2d 194, 202), and it is the court's duty to establish that the waiver is properly made. (*People v. Clark*, 30 Ill. 2d 216; *People v. Wesley*, 30 Ill. 2d 131.) ° ° °

The facts presented in this case do not establish that quantum of proof from which we can say that Lewis, individually or as the corporation president, knowingly or expressly waived the right to a jury trial by remaining silent during the proceedings. Nor did defense counsels' actions affirmatively establish a sufficient basis under decisions of this court to constitute a waiver of the right to a jury trial which might be imputed to defendants."

■ With a similar set of circumstances presented in the instant case, we believe the defendant has sustained his contention that he did not waive the right to trial by jury.

■ We recognize defendants' failure to call to the trial court's attention the absence of a jury waiver in a post-trial motion, and that such failure could constitute a waiver of that issue. However, Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." See *People v. Burson* (1957), 11 Ill. 2d 360, 370, 143 N.E.2d 239, 245.

Since this case must be remanded for a new trial, we have heretofore considered all the errors assigned as they may again arise. Accordingly, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

ALLOY and SCOTT, JJ., concur.