THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TYRONIE WALTON, Defendant-Appellant.

Third District   No. 78-224

Opinion filed October 30, 1979.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of this court:

Having been found guilty of forgery following a bench trial, the defendant, Tyronie Walton, was sentenced to a term of imprisonment of not less than one nor more than three years. In her post-trial motion, the defendant raised for the first time the issue of whether she effectively waived a jury trial.

■■ This court has recently determined that the failure even to bring the absence of a jury waiver to the trial court's attention in a post-trial motion does not waive the issue since the absence of an effective waiver of a jury trial may be considered plain error. (*People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180.) Therefore, we cannot agree with the State that this defendant has waived the issue by not raising it before including the issue in her post-trial motion.

■■■ Unlike the *Banks* opinion, in which we found the record devoid of any reference to the waiver of a jury trial, the defendant and the Assistant State's Attorney were served by the defendant's attorney with a notice of hearing which specified that a "bench trial" was set for March 7, 1978, at 11 a.m., or as soon thereafter as counsel could be heard. However, for the waiver of a jury trial to be effective, it must be made expressly and understandingly. (*People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180.) While a defendant may acquiesce in the defense attorney's express waiver of a jury trial (*County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 282 N.E.2d 720), the service of the notice of hearing is not such an express waiver by the defense attorney. Nor can it be so construed since, for some reason, the cause had, apparently, already been set on the bench trial calendar.

The State argues that the defendant, by reason of the notice of a bench trial, injected error into the proceedings by misleading the trial court and prosecutor into believing the defendant had waived her right to a jury trial. This contention ignores the fact that it is the trial court's responsibility to ensure the waiver is made expressly and understandingly. (*People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180.) It also ignores the fact that, in ruling on the post-trial motion, the trial court did not refer to the notice of hearing as indicating a waiver.

■■ Instead, the trial court, in denying the defendant's post-trial motion, relied on the defendant's request that the cause proceed to trial on the substituted information instead of allowing a continuance to amend the information since such an amendment would not alter the defense to be presented. Such a request is not an express and understanding waiver of the defendant's right to a jury trial. Some confusion did arise in this case because of the withdrawal of the retained defense counsel and the substitution of a public defender to represent the defendant. Yet, the defense counsel's proceeding to a bench trial, as a result of this confusion,

does not relieve the trial court of its duty to make sure the defendant expressly and understandingly waives her right to a jury trial.

Since the judgment must be reversed for the failure of the trial court to properly secure an effective waiver of the right of the defendant to a jury trial, there is no need to consider the issue raised by the defendant concerning the sentencing procedure. Accordingly, the judgment of the Circuit Court of Rock Island County is reversed and the cause is remanded for a new trial in accordance with the views expressed herein.

Reversed and remanded.

STOUDER, P. J., and ALLOY, J., concur.