THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS NEIL FRENCH, Defendant-Appellant.

Third District   No. 78-322

*Opinion filed May 16, 1980.*

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

John R. Clerkin, State's Attorney, of Macomb (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal is taken from the conviction of the defendant, Thomas Neil French, for unlawful delivery of a substance represented to be a controlled substance. Following a bench trial in the circuit court of McDonough County, the defendant was sentenced to two years probation and was fined $750.

The sole issue raised on appeal is whether the lack of a formal jury waiver requires reversal of the defendant's conviction and remandment for a new trial. We hold that it does.

The record reveals that the case had twice been placed on the jury calendar before being called for a bench trial on March 3, 1978. In addition, the record contains the following colloquy, which is essential to the consideration of the jury waiver issue:

"THE COURT: All right, this is the case of the People of the State of Illinois vs. Thomas Neil French, it is 77-CF-6. Let the record show that the People are present by State's Attorney Henderson, that the defendant is present with attorney James Patrick Murphy and the case comes on for bench trial, right?

DEFENSE COUNSEL: That is correct, your Honor."

Following this exchange, the trial proceeded with no additional references being made to the defendant's right to a jury trial.

██ The State contends that the defendant has waived the jury trial issue by his failure to raise it in the trial court at any time. We cannot agree. This court has recently determined that even the failure to bring the absence of a jury waiver to the trial court's attention in a post-trial motion does not waive the issue, since the absence of an effective waiver of a jury trial may be considered plain error. (*People v. Walton* (1979), 77 Ill. App. 3d 905, 906, 396 N.E.2d 841, 842, citing *People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180.) Therefore, the defendant in the present case has not waived the issue by not raising it in the trial court.

In *Walton* the record revealed that the defendant and the assistant State's attorney were served by the defendant's attorney with a notice of hearing which specified that a "bench trial" was set for a particular date. This notice was held to be insufficient as a waiver, since, to be effective, a waiver must be expressly and understandingly made. (*People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180.) In the recent case of *People v. Bristow* (1980), 80 Ill. App. 3d 535, 400 N.E.2d 511, the record revealed that defense counsel did not reply to the trial court's question as to whether a jury was waived. The *Bristow* court concluded upon this basis that the defendant had not waived his right to a trial by jury. Likewise, in the present case, we cannot say, based on the indications in the record that the case had twice been placed on the jury calendar and the quoted exchange between the trial court and defense counsel, that the defendant made a knowing and intelligent waiver of his right to a jury trial.

██ While a defendant may acquiesce in his counsel's express waiver of a jury trial (*County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 282 N.E.2d 720), no such express waiver is evident in the present case.

*People v. Eveland* (1980), 81 Ill. App. 3d 97, 400 N.E.2d 1078, which the State cites as controlling here, is distinguishable from the case at bar. The *Eveland* court, examining the jury trial waiver issue under the plain-error doctrine, found that a knowing waiver was made where the defendant was advised of her right to a jury trial, the case was originally set for a jury trial, and the record contained a letter by defense counsel to the trial court expressing an intention to forego a jury trial. Clearly the record in *Eveland* presents a much stronger case for finding an intentional and knowing waiver than does the record in the case at bar.

For the foregoing reasons, the judgment of the circuit court of McDonough County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

BARRY and STENGEL, JJ., concur.