THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BRIAN J. FREY, Defendant-Appellant.

Third District   No. 82—625

Opinion filed August 31, 1983.

HEIPLE, J., dissenting.

Arthur J. Inman, of Peoria (Joseph R. Napoli, of counsel), for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Brian J. Frey, the defendant, sometime after 11 p.m. on March 6, 1981, while driving his automobile was the cause of a collision between his vehicle and one being driven by Steven Updike. In the Up-

dike vehicle was Connie Updike, the pregnant wife of Steven. The accident occurred on Willow Knolls Road in Peoria County. As the result of the accident Connie was killed, as was her child, Steven D. Updike, Jr., who was delivered dead at the St. Francis Hospital subsequent to the collision.

For the purpose of determining the issues presented in this appeal a further recitation of evidentiary facts may become necessary and if so they will be set forth if and when they become pertinent. It is necessary that we set forth a chronological history of this case.

On March 24, 1981, the defendant was indicted in two counts for reckless homicide. Count I charged him with causing the death of Connie Updike in that he caused her death by recklessly driving a motor vehicle while under the influence of intoxicating liquor. In count II he was charged in identical language with causing the death of the boy, Steven D. Updike, Jr. The defendant was arraigned on April 2, 1981, before Judge Stephen Covey. He pleaded not guilty and trial by jury was set for May 11, 1981. On this date Judge Covey continued the case on defendant's motion, without objection from the prosecution, to June 5, 1981. Subsequently the prosecution moved for a continuance and trial by jury was set for July 20, 1981. On July 9, 1981, the case was set for plea negotiations on July 17, 1981, before Judge Covey. While not clear from the record, apparently plea negotiations were had because a defense motion was filed on August 12, 1981, requesting a substitution of judges because Judge Covey had expressed his opinion as to a proper sentence which did not include probation. This motion was granted and the case was assigned to Judge James Bumgarner for jury trial which was set for October 19, 1981. On October 8, 1981, the case was by agreement continued for bench trial on November 19, 1981. The October 8 order contained a finding that "the defendant's attorney indicates the defendant will waive a jury trial in this case." The order was approved in writing by counsel for defendant and signed by Judge Bumgarner. The record does not support a finding that the defendant was present at the October 8 meeting. On October 20, 1981, defendant filed a motion for view of the scene of the accident. In the motion the defendant asserted that he had waived trial by jury and since the judge would be the trier of fact it would be beneficial for him to view the scene of the accident. A further continuance was granted the defendant and a hearing on a motion by defendant to suppress certain evidence was set for January 21, 1982, and the bench trial for the reckless homicide counts was set for January 28, 1982.

On January 21, 1982, defendant's motion to suppress was granted

and on January 27, 1982, the State filed count III to the indictment charging the defendant with driving under the influence óf intoxicating liquor. On February 26, 1982, the defendant was arraigned and entered a plea of not guilty to the driving under influence count. A trial court order entered this date *inter alia* set a jury and/or bench trial for February 26, 1982.

After again being continued, the defendant, his counsel and the prosecutor were all present in court on March 18, 1982, for the purpose of conducting the trial on the two reckless homicide charges and the driving under the influence charge. The trial court noted that "these causes were set today for the purposes of a bench trial." The trial judge then noted for the record an agreement entered into by the parties that in order to avoid admission of certain evidence of a breathalyzer test in the reckless homicide cases, it was agreed upon that the issues presented by the first two counts of the indictment, to-wit, the charges of reckless homicide, would be tried first, after which the charge of driving under the influence of intoxicating liquor would be tried. All parties acknowledged to the court that they had entered into such an agreement.

The defendant after bench trial was acquitted of the reckless homicide charges; however, after a bench trial on the driving under the influence charge was found guilty and sentenced to one year probation conditioned *inter alia* upon 12 months periodic imprisonment at the Peoria County Work Release Center.

The defendant raised in his post-trial motion and as issue before this court that he did not expressly and knowingly and understandingly waive his right to trial by jury.

■ We reluctantly agree with the defendant; reluctantly because we harbor no doubts as to the fact that defendant well knew that he could have trial by jury if he so desired. However, the record does not support a finding that the defendant either expressly or implicitly waived a trial by jury as to the charge of driving under the influence of intoxicating liquor. A strong argument could be made that the defendant waived a jury trial as to the reckless homicide charges, but this court's attention must be directed solely at the driving-under-the-influence charge. Count III of the indictment charging the defendant with driving under the influence was filed on January 27, 1982. The defendant was of necessity present in court with counsel when arraigned on the charge; however, after arraignment the court by written order set a trial date and the setting provided for a jury and/or bench trial. The defendant was next in court on March 18, 1982, for purposes of trial and the record discloses that the trial judge stated

"these causes were set today for the purpose of a bench trial." The trial judge was under the impression that the reckless homicide charges and the driving under the influence charge would all be tried together. However, such was not the case, because pursuant to agreement of counsel the driving-under-the-influence charge was severed and to be tried separately. This charge was in fact tried separately with the trial commencing on March 19, 1982. As to this trial the judge made no comment or observation as to whether there was to be a bench trial or jury trial. The failure of the court to address such question resulted in making it unnecessary for defendant or his counsel to make any remarks as to whether the case was to be tried by jury or bench trial. Consequently we do not have silent acquiescence as was present in *People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182, the case strongly relied upon by the State.

■ We are confronted with a situation where there is nothing in the report of proceedings or common law record which supports a finding that the defendant waived either expressly or implicitly a trial by jury on the driving under the influence charge. Further, the situation presented will not support a determination that the defendant acquiesced in the waiver of a trial by jury. A waiver of jury trial cannot be presumed from a silent record. (*People v. Gentry* (1977), 48 Ill. App. 3d 900, 363 N.E.2d 146.) The record in this case does disclose that during a post-trial motion an assistant State's Attorney attempted to testify as to discussions he had with counsel for defendant concerning whether the defendant would be tried by a bench trial or jury trial. The witness was unable to provide dates or other specific information, and objection to such testimony was sustained by the trial court and the testimony ordered stricken.

This court has determined that there was no waiver of a trial by jury in cases where the record was not entirely silent on the question as it is in the instant case. *People v. French* (1980), 84 Ill. App. 3d 60, 404 N.E.2d 1136; *People v. Walton* (1979), 77 Ill. App. 3d 905, 396 N.E.2d 841; and *People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180.

As the result of repeated continuances, pretrial motions and the involvement of several judges, there was a failure to obtain a waiver of trial by jury on the charge of driving under the influence of intoxicating liquor and hence the judgment against the defendant for this crime must be reversed and remanded for a new trial.

■ Since a new trial is to ensue an additional issue raised by the defendant should be put to rest. The defendant contends that he was improperly prosecuted for count III of the indictment (driving under

the influence charge) because he had been acquitted after trial on the reckless homicide charges. This argument of the defendant is predicated on his assertion that the doctrine of *res judicata* bars his prosecution, since the trial court's holding regarding intoxication in the reckless homicide trial precluded prosecution of the driving under the influence charge. We disagree, because the defendant wanted and stipulated to a severance of trial on the charges because he realized that certain evidence (a breathalyzer test) as to intoxication would be inadmissible in the reckless homicide trial but admissible in the driving under the influence trial. The defendant sought a severance, he received it and should not be permitted to renege on his agreement simply because the second trial produced a result unfavorable to him, to-wit, a conviction. It should be noted that counsel for defendant lays no claim to the effect that driving under influence is a lesser included offense of the offense of reckless homicide and during oral argument stated that it was not. We find no merit in defendant's assertion that he should not have been tried for driving under the influence of intoxicating liquor.

For the reasons stated herein the defendant's conviction by the circuit court of Peoria County is reversed and this case is remanded for a new trial.

Reversed and remanded.

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:

Although I agree with the majority that a trial without a jury cannot be upheld where the record is silent as to defendant's jury waiver, the record before us is certainly not silent. Courts have repeatedly stated that whether a defendant has knowingly and understandingly waived his right to a jury trial depends upon the facts and circumstances of each case. In the context of what is essentially a bifurcated trial, the record here discloses a more than adequate jury waiver.

The defendant was first charged with reckless homicide. As to these charges, the defendant waived a jury trial. Later, the additional charge of driving under the influence was added. The defendant pleaded not guilty and both bench and jury trials were set. Ordinarily, the charges would have been tried together. However, the parties agreed to have the two offenses tried separately so that evidence admissible only as to the DUI charge would not be heard in connection with the reckless homicide charge.

As the majority candidly admits, a good argument can be made that the defendant properly waived his right to a jury in the reckless homicide trial and that the defendant was fully aware that he could demand a jury in the trial for DUI. Yet the majority refuses to take the additional step of finding that the defendant waived a jury in the second trial. In my opinion, this conclusion is based on an unreasonably restrictive reading of the record. The record discloses that on March 18, 1982, the parties were in court and ready to proceed with trial. In the defendant's presence, the court announced that both the reckless homicide and the DUI counts were set for a bench trial. Defense counsel raised no objection to the bench-trial setting. Instead, he simply called the court's attention to an agreement between the parties to try the charges separately. The court noted the agreement for the record and proceeded to try the reckless homicide charges. Since the defendant had previously waived a jury trial as to the reckless homicide counts, and because the defendant was clearly aware that he could demand a jury as to the DUI count, the courtroom events of March 18 constituted a jury waiver which was legally sufficient under the circumstances of this case.

In addition, it is important to note that the events of March 18 do not stand alone. Without going into further detail, the remainder of the record, especially the hearing on the motion for a new trial, indicates that the defendant, having been acquitted of reckless homicide after a bench trial, knowingly opted for the same procedure the following day as to the remaining charge. The majority opinion overlooks the obvious and demands more evidence than is necessary to show that the defendant waived a jury trial. Therefore, I dissent.