THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN K. SMITH, Defendant-Appellant.

Third District   No. 3—83—0324

Opinion filed February 2, 1984.

HEIPLE, J., dissenting.

Robert Agostinelli and Jean Herigodt, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

John K. Smith appeals from his conviction for reckless conduct (Ill. Rev. Stat. 1981, ch. 38, par. 12—5(a)), following a bench trial in the circuit court of La Salle County. We reverse the conviction and remand for a new trial, based upon the failure of the record to indicate that the defendant knowingly and understandingly waived his right to a jury.

The record indicates that the defendant was charged by information on December 3, 1982, and his attorney entered an appearance on December 7, 1982. A notice to appear for bench trial was mailed to the defendant and his counsel in December 1982. A bench trial was held on February 2, 1983, and at the conclusion of the trial, the court found the defendant guilty of reckless conduct. The court imposed a sentence of 10 months' imprisonment upon the defendant. The record is silent as to any waiver of defendant's right to a jury.

This court decided a similar case in *People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180. As in the instant case, the record in *Banks* was silent as to any jury waiver by the defendant. We there stated:

> "As Justice Moran said in *People v. Rondeau* (2d Dist. 1971), 8 Ill. App. 3d 286, 289, 291 N.E.2d 666, 668:
>
> > 'A trial court has a duty to see that defendant's waiver of the right to trial by jury "is not only expressly but also understandingly made," (*People v. Fisher,* 340 Ill. 250, 265 (1930). See also, *People v. Surgeon,* 15 Ill. 2d 236, 238 (1958); *People v. Sailor,* 43 Ill. 2d 256, 260 (1969); *Cty. of McLean v. Kickapoo Creek, Inc.,* 51 Ill. 2d 353, 355-356 (1972).) Pertinent to the admonition of the offenses of burglary and theft, no inquiry was made of defendant regarding his willingness to forego a trial by jury. There could, there-

fore, have been no understanding waiver of that right evidenced in the record.'

Our supreme court said in *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 355-356, 282 N.E.2d 720, 722:

'A defendant who is informed and who expresses his desire may waive his right to a jury trial. (*People ex rel. Swanson v. Fisher,* 340 Ill. 250.) This waiver must be understandingly accomplished in open court (Ill. Rev. Stat. 1971, ch. 38, par. 103—6; *People v. Williams,* 36 Ill. 2d 194, 202), and it is the court's duty to establish that the waiver is properly made. (*People v. Clark,* 30 Ill. 2d 216; *People v. Wesley,* 30 Ill. 2d 131.) ***

The facts presented in this case do not establish that quantum of proof from which we can say that Lewis, individually or as the corporation president, knowingly and expressly waived the right to a jury trial by remaining silent during the proceedings. Nor did defense counsels' actions affirmatively establish a sufficient basis under decisions of this court to constitute a waiver of the right to a jury trial which might be imputed to defendants.' " (*People v. Banks* (1979), 71 Ill. App. 3d 15, 17-18, 389 N.E.2d 180.)

In *Banks,* where the record was silent as to any jury waiver by the defendant, we reversed and remanded for a new trial. (See also *People v. Walton* (1979), 77 Ill. App. 3d 905, 396 N.E.2d 841; *People v. Losacano* (1975), 29 Ill. App. 3d 103, 329 N.E.2d 835; *People v. Clay* (1974), 19 Ill. App. 3d 296, 298, 311 N.E.2d 384.) Additionally, in *Banks,* although the defendant had not raised the issue at trial or by way of post-trial motion, the court found that the error was cognizable under the plain error rule. (*People v. Banks* (1979), 71 Ill. App. 3d 15, 18; see also *People v. Walton* (1979), 77 Ill. App. 3d 905, 906.) These cases are controlling in the instant case. Here, there is no docket entry showing "jury waived" nor any signed jury waiver document. The record is devoid of any evidence that the defendant understandingly waived his right to trial by jury in open court.

The State, in seeking to avoid this result, argues that the common law record does, in fact, indicate a jury waiver. Reliance for the argument is placed upon the fact that the defendant was notified by the court of the date for his bench trial. That is simply not enough, nor do we perceive how it demonstrates an understanding waiver of the jury trial by the defendant. Similar circumstances were held insufficient by the court in *People v. Walton* (1979), 77 Ill. App. 3d 905, and insufficiency was found, on even better evidence of a waiver, in *Losa-*

*cano,* over some dissent. The State relies upon *People v. Young* (1980), 86 Ill. App. 3d 306, 408 N.E.2d 104, which upheld a waiver of jury trial based upon some evidence in the common law record. However, in that case, unlike the case at bar, there was a docket entry expressly noting "jury waived" and a document signed by the defendant waiving the jury. Furthermore, in that case the court noted, with express approval, the prior decision in *Banks,* stating:

> "Certainly where the record is silent as to jury waiver (see *People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180), or where the report of proceedings does not demonstrate an understanding waiver even though there is a docket entry to that effect (see *People v. Coleman* (1978), 59 Ill. App. 3d 1050, 376 N.E.2d 277), a reviewing court will find that the defendant has demonstrated an absence of an effective jury waiver." (86 Ill. App. 3d 306, 308.)

In *Young,* however, there were the affirmative indications of jury waiver, which, coupled with the presumption that the court acted correctly, was found to be sufficient. As noted, no such affirmative indications are present in the record in this case.

We also reject the State's argument that the failure of the defendant to argue or assert that there was no understanding waiver is itself sufficient evidence of a jury waiver by the defendant. No such rule or requirement is imposed upon the defendant by the cases previously cited and discussed. The record must be examined, when the issue is raised, and if the record is silent, as it is here, then the defendant has effectively demonstrated the absence of a jury waiver for appeal purposes. *People v. Banks* (1979), 71 Ill. App. 3d 15; *People v. Young* (1980), 86 Ill. App. 3d 306, 308. *Cf. People v. McCarty* (1981), 101 Ill. App. 3d 355, 427 N.E.2d 1382.

The State, perhaps understandingly, contends that this result is an elevation of form over substance, and others may suggest that here again a minor technicality lets the guilty go free. Yet, the right to a jury trial is most fundamental to our system of criminal justice, and the requirement of a clear waiver of that right, shown in the record, is an important and essential safeguard for the precious right to a jury trial. That is why the failure to include such evidence in the record is held to constitute plain error. If we were to conclude that the absence of a jury waiver in the record is only a technicality, not requiring reversal, then we would be approaching a conclusion that the right to jury trial itself is also, under some circumstances, only a mere technicality.

Unfortunate, and sometimes unpalatable, results are inevitable if

our legal system, and respect for the law and the legal system, as a system of laws, is to be maintained. If we are willing to obtain the result we want, regardless of the established law, merely by waiving the red flag of "mere technicality," without serious inquiry and assessment of the rights and stakes involved, then we will have given up our system of law, and replaced it with a system disconcerting and dangerous, with results and decisions based not upon the law, but upon the transient whim of society or the caprice of the individual judge. It is easy to say that the lack of clear evidence of waiver in this case is a "mere technicality," without analysis of the rights involved. It would be easier, however, should we choose that path, for future decisions to further erode, as technicalities, the safeguards and protections designed to protect and defend any defendant's constitutional right to a jury trial. When we uphold the law on an issue such as before us in this case, despite factual pressure to go with a more palatable result, we are not, contrary to popular belief or suggestion, standing up for the rights of the criminal. We are doing our sworn duty as judges, in upholding the law, and in so doing affirming the rights of all citizens, guaranteed by the Constitution. We must not, in our justified concern and anger over the spectre of increasing crime and violence in our society, do damage to those fundamental protections set forth for all citizens, and for this democracy, by our constitution. Ours is a system of laws, not of men, and only our vigilance in ensuring the protections of the law for all citizens can safeguard that system.

The decision of the circuit court of La Salle County is reversed, and the cause remanded for retrial on the charges.

Reversed and remanded.

SCOTT, J., concurs.

JUSTICE HEIPLE, dissenting:

I cannot agree with my colleagues' position on the waiver of trial by jury issue. Since the issue is the basis of the reversal, I dissent. Nowhere in the record or the briefs does the defendant make an affirmative allegation that the trial judge failed to admonish him of his right to a trial by jury or that he did not knowingly and understandably waive his right to a jury trial. The defendant merely claims the record does not reflect that he waived a jury trial.

In *People v. McCarty* (1981), 101 Ill. App. 3d 355, this court was faced with a similar argument concerning a record silent on the

defendant's waiver of counsel. I noted in my dissent that lacking an affirmative allegation of error by the defendant, the inference that the trial judge discharged his duties in a constitutional fashion should remain intact. 101 Ill. App. 3d 355, 361.

The presiding judge in the instant case, Judge Wimbiscus, is an experienced trial judge of many years and is undoubtedly well aware of a defendant's right to a jury trial. It is difficult to believe that Judge Wimbiscus would proceed to a bench trial in the absence of a jury trial waiver.

In the instant case, the record does not contain any docket entries. Also, the record of proceedings consists only of a clerk's summaries and a transcript of the trial. Consequently, the report of the proceedings is incomplete and does not purport to cover any proceedings prior to trial. The common law record does contain, however, a "notice to appear for a bench trial." This notice is evidence that the defendant waived his right to a jury trial.

In *People v. Oatis* (1977), 47 Ill. App. 3d 229, the court was faced with operative facts identical to the instant case: the defendant was tried for a misdemeanor (there is no statutory or constitutional requirement that such proceedings be transcribed (*People v. Hopping* (1975), 60 Ill. 2d 246, *appeal dismissed* (1975), 423 U.S. 907, 46 L. Ed. 2d 136, 98 S. Ct. 209; *People v. Malley* (1982), 103 Ill. App. 3d 534)); the defendant chose to argue the record was insufficient to show waiver of a jury trial, rather than affirmatively allege he did not waive his right to a jury; the report of proceedings was incomplete; and, the common law record evidenced a waiver of jury by the defendant (the record contained a written jury waiver signed by the defendant). The *Oatis* court determined that "in a criminal case when the common law record shows that the defendant has waived a jury trial, on appeal after a bench trial, a defendant claiming error in the jury waiver must cite the specific error that occurred and substantiate that claim by the presentation of a sufficient record." *People v. Oatis* (1977), 47 Ill. App. 3d 229, 232; see also *People v. Hamilton* (1978), 64 Ill. App. 3d 276, 278; compare *People v. Banks* (1979), 71 Ill. App. 3d 15, 17 (record was complete).

In the instant case, we have a common law record, in the form of a notice to appear for a bench trial, which suggests the defendant waived the jury. Although this notice is not as conclusive as a written jury waiver, I believe it is sufficient to place the burden upon the defendant to cite specific error and substantiate that claim by the presentation of a sufficient record. Otherwise, this court is placing form over substance. By relying upon an incomplete record to prove the ab-

548

sence of a waiver, the majority would reverse even if the defendant did in fact waive his right to a jury trial.

Again, in light of the common law record evidencing a jury waiver, the absence of a specific affirmative allegation that the defendant did not waive his right to a jury trial, and the defendant's failure to present a record sufficient to show whether error did in fact occur, I would affirm the conviction. Therefore, I respectfully dissent.