THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM FRANKLIN, Defendant-Appellant.

Third District   No. 79-272

Opinion filed July 13, 1979.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This court has previously entered an opinion in this case which reversed the conviction of the defendant Franklin for the offense of theft by deception. (*People v. Franklin* (1978), 60 Ill. App. 3d 905, 377 N.E.2d 556.) The reversal was predicated on a determination that a conflict of interest existed on the part of the defendant's trial counsel. The supreme court in reversing our decision remanded the case to this court for the consideration of an additional issue presented in defendant's appeal and which was not determined. *People v. Franklin* (1979), 75 Ill. 2d 173, 387 N.E.2d 685.

The issue which we are directed to consider is whether the State failed to prove defendant's guilt beyond reasonable doubt where there was no circumstantial evidence of identification and where defendant contends witnesses' identifications were insufficiently positive to identify the defendant as the person who committed the crime charged.

The record shows that on May 26, 1976, the defendant Franklin was indicted for theft by deception. Trial was held on February 8, 1977. The State introduced evidence to establish that on February 23, 1976, Donald McGlasson of Peoria mailed his savings passbook for his account at First Federal Savings and Loan Association of Peoria (hereinafter known as First Federal) and a check for $100 to First Federal in order to make a deposit to his account. The passbook was not returned to McGlasson.

In the early afternoon of February 25, 1976, a man had entered First Federal and presented McGlasson's passbook and asked to withdraw $950 from the account. The teller, Rhonda Walker, had the man sign a withdrawal slip which she then took to check the signature on the signature card kept by First Federal. When the signatures did not match she returned to the man who showed her his bandaged hand and said that he had burned himself and because of the burn his signature would not match. The man was permitted to withdraw the money. This man was not McGlasson and did not have McGlasson's permission to withdraw money.

Teri Nelson was also a teller at First Federal. She testified that on February 27 a man approached her window and presented McGlasson's passbook. The man wished to withdraw $1,000 from the account. She gave the man a withdrawal slip to fill out and after the slip was signed, she went to check the signature on the slip with the signature on the signature card. Before Nelson went to check the signature the man informed her that he had hurt his hand and therefore the signatures might not match. When the signatures did not match, Nelson told the man she would have to contact her supervisor. The man left, leaving the passbook behind.

On April 5, Rhonda Walker and Teri Nelson viewed a lineup at the Peoria Police Department. They identified Franklin as the man who presented the passbook and withdrawal slips to them. During the trial, however, the tellers Walker and Nelson testified that they would have difficulty picking the defendant out of a group of people with similar appearances and that they were able to identify the defendant in the courtroom because he was the only person present who matched the description of the man they had dealt with at the savings and loan association on February 25 and 27, 1976. Rita Endress, also an employee of the savings and loan association, failed to identify the defendant as the man she had seen and in fact suggested that another individual in the

lineup might be the person who committed the theft. Officer Gillespie testified that he conducted the lineup and, further, in court identified the defendant as the individual who during the lineup was identified by the tellers Walker and Nelson.

The defendant presented no evidence in his behalf, and the jury returned a verdict of guilty. The defendant was sentenced to a term in the penitentiary of not less than 1½ years nor more than 4½ years.

■■ As to the identification issue raised by the defendant, it is his primary contention that witnesses could not identify him as the crime perpetrator while he was sitting at a counsel's table during his trial. It is clear from the record, however, that the witnesses Walker and Nelson did identify the defendant at a police lineup held a short time after the theft. Each of these witnesses further testified that at the time of the lineup they had no doubts in their minds as to the identity of the person who committed the theft, and as stated they identified the defendant as that person. The theft and attempted theft at the savings and loan association occurred on February 25, 1976, and February 27, 1976, respectively. The lineup occurred on April 5, 1976, and the defendant's trial did not take place until February 1977. A period of 10 months had elapsed between the time of the lineup and the time of the trial, and because of such lapse of time we do not deem it to be unusual for a witness to be less certain as to identification than the witness was when identification was made less than six weeks after an offense was committed. The inability of witnesses to make a courtroom identification of an accused goes to the weight to be given to such testimony, and in the instant case the jury found the defendant to be the person who had committed the theft.

That another employee of the savings and loan association, namely Rita Endress, was unable to identify the defendant at the lineup does not negate the identification testimony of the witnesses Walker and Nelson, because it is clear from the record that Endress did not have a person to person contact with the defendant as did the other witnesses.

It should be noted that there is nothing in the record or in the defendant's brief which indicates that the pretrial identification procedure was suggestive or that there was any collusion between the witnesses Walker and Nelson.

■■ The defendant argues that the identification of him was less than certain, since no fingerprints were obtained from the withdrawal slips. The absence of fingerprint evidence is not reversible error where the State presents eyewitness testimony. *People v. Mimms* (1976), 40 Ill. App. 3d 942, 353 N.E.2d 186.

■■ It is not necessary that descriptions given by witnesses be precisely accurate in describing facial or other characteristics where identification

of a defendant is positive. (*People v. Moore* (1977), 50 Ill. App. 3d 952, 365 N.E.2d 1356.) The record discloses that in the instant case two witnesses made positive identification of the defendant at the pretrial lineup procedure.

For the reasons set forth the conviction and sentence imposed thereon is affirmed.

Affirmed.

BARRY and STENGEL, JJ., concur.