THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PERRY TURNER, Defendant-Appellant.

First District (5th Division)   No. 85—0834

Opinion filed June 13, 1986.

PINCHAM, J., dissenting.

Richard S. Kling, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Dean P. Karlos, and John J. Hoevel, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

After a bench trial, defendant, Perry Turner, was convicted of aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b)(1)) and was sentenced to a term of two years' probation, the first four months of which were to be served in the Cook County department of corrections. On appeal, defendant contends that the trial court erroneously concluded that he had waived his right to a jury trial, that the evidence was insufficient to support his conviction, and that the trial court improperly shifted the burden of proof to him.

The complainant, James Pack, testified that at 6:30 p.m. on January 27, 1984, he was visiting a tenant, who resided in the first-floor apartment of the building where he lived, when defendant arrived. Defendant, whose family owned the building, seized complainant by the collar, struck him, pulled him from the apartment and downstairs, then shot him in the left thigh while complainant said, "Perry don't shoot me. Don't shoot me Perry." The bullet fired into his left thigh passed through his right leg, requiring his hospitalization and surgery on both legs.

Four days after the shooting, defendant apologized to complainant and stated that the gun had accidentally discharged. Defendant also told complainant that he learned that complainant had not reported the condition of the building to the authorities. Complainant, who is illiterate, added that defendant promised him a rent-free apartment

and gave him a $500 check in exchange for complainant's agreement to execute an affidavit that exonerated defendant from any culpability for the shooting. However, after complainant executed the affidavit, he learned that the check was nonnegotiable and the rent-free apartment never materialized.

Officer George Patton testified that on February 6, 1984, when he went to 633 East 88th to investigate the instant offense, defendant's automobile was parked outside the two-flat residence located there. The officer heard movement inside the residence and knocked on the door, but no one responded. When the officer proceeded to tow defendant's vehicle away, Richard Turner arrived and identified himself as defendant's brother. After Officer Patton told Turner that defendant had been charged with aggravated battery and that the policeman believed that he was concealed inside the residence, Turner agreed to locate defendant and to have him contact Officer Patton. The following day defendant telephoned the police and the latter escorted him to the police station. After the officer advised defendant of the *Miranda* rights, defendant stated that when he went to 8210 South Drexel, he became involved in an argument with complainant who ran into his apartment and returned with a gun. When the two men struggled over the weapon, it discharged, and complainant ran from the building with the gun. Subsequently, defendant went to an out-of-State funeral then returned to Chicago.

When Officer Patton interviewed complainant, the latter stated that preceding the incident defendant had accused him of notifying authorities about the supposed bad condition of the Drexel building.

A stipulation was entered that if personnel at Jackson Park Hospital testified, they would state that the complainant was admitted into the hospital at 7:45 p.m. on January 27, 1984, and treated for gunshot wounds in both thighs. It was also stipulated that if personnel from Cook County Hospital testified, they would state that complainant was transferred to the hospital for additional surgery. They would add that his post-operative diagnosis was a superficial femoral artery thrombosis secondary to gunshot wounds in both thighs.

Richard Turner testified that he is defendant's brother and that their family owns the building located at 8210 South Drexel. On March 14, 1984, Turner was replacing a light fixture in the building when complainant arrived and apologized to him for having defendant arrested. Complainant explained that he had identified defendant as his assailant in order to avoid being arrested by the police. Complainant agreed to rectify defendant's problem by signing a notarized affidavit that absolved defendant of any guilt. When Turner prepared an

affidavit and read it to complainant, the latter signed it before a notary public at a currency exchange. Turner denied that he paid complainant $500 in exchange for complainant's agreement to execute the affidavit. Turner added that he had seen complainant with a handgun in November and December 1983. Turner also stated that he and defendant went to a funeral after January 27, 1984.

A stipulation was entered that if Officer Little testified, he would state that about 10 minutes after the shooting, complainant told him that he and his assailant first argued then fought in the hall in the Drexel building after someone allegedly said that complainant had attempted to force his entry into a female tenant's apartment. Complainant, who did not identify defendant as the offender at this time, said that the assailant then shot him before fleeing from the building. It was also stipulated that if Detective M. Baker testified, he would state that when he interviewed complainant at Cook County Hospital, complainant said that he did not know why defendant had shot him.

In rebuttal, complainant stated that while he knew Richard Turner, they had never talked and that complainant had signed the affidavit in an empty apartment.

■ Defendant's first contention is that the trial court erroneously assumed that he waived his right to a jury trial without the proper procedural safeguards which insure that such a waiver is an informed decision. Every person accused of an offense shall have the right to a trial by jury unless it is understandingly waived by defendant in open court. (Ill. Rev. Stat. 1983, ch. 38, par. 103—6.) Whether a defendant understandingly and knowingly waives his right to a jury trial depends on the facts and circumstances of each case. (*People v. Rynberk* (1980), 92 Ill. App. 3d 112, 118, 415 N.E.2d 1087.) Waiver of the right to a jury trial is valid where the accused permits his attorney, in his presence and without objection, to expressly advise the court of that choice, and the accused is deemed thereby to have agreed and be bound by his attorney's actions. (*People v. Spain* (1980), 91 Ill. App. 3d 900, 906, 415 N.E.2d 456.) Defense counsel's sole statement that defendant was waiving a jury may be held to constitute a valid waiver where a defendant was present in the courtroom and failed to object. It is not necessary that the record affirmatively establish that the trial court advised defendant of his right to a jury trial and elicited his waiver of that right, nor that the court or counsel advised defendant of the consequences of the waiver. *People v. Frey* (1984), 103 Ill. 2d 327, 332, 469 N.E.2d 195.

■ Our review of the record reveals that the waiver was made orally by defense counsel in open court in the presence of defendant

who, by silently standing by, acquiesced in the waiver. The following excerpt from the verbatim transcript of trial proceedings illustrates what transpired:

"The Court: The State's ready to proceed?

[Prosecutor]: Yes.

The Court: The plea is not guilty, jury waived?

[Defense Counsel]: Yes, Judge.

The Court: Call your first witness."

The case then proceeded through trial, argument on defendant's motion for a directed verdict and a sentencing hearing. Defendant, who was a college graduate and not a stranger to the criminal justice system, never asked for a jury trial or expressed dissatisfaction with defense counsel's statement that trial by a jury was waived. The only mention at trial of the jury waiver issue was in the written post-trial motion. When the trial court at the hearing on the motion referred to the above colloquy, defense counsel stated that he had raised the issue only because he did not recall the colloquy. At that time, defendant was present and did not claim that he wanted or that he had been deprived of a jury trial. Nor does he contend that he was in any way prejudiced by his counsel's waiver. In addition, if in fact defendant had not been present when his counsel waived a jury in open court, he or his counsel could have made an adequate memorial of his absence to preserve the issue for appeal.[1] *People v. Smith* (1985), 106 Ill. 2d 327, 334-35, 478 N.E.2d 357; *People v. Oatis* (1977), 47 Ill. App. 3d 229, 231-32, 361 N.E.2d 1146.

The circumstances of this case are indistinguishable from *People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762, in which our supreme court noted that, although the preferred procedure is that the court shall not accept a waiver unless the defendant personally waives his right to trial by jury either in writing or orally before the court, this is not constitutionally required. There, the supreme court also reaffirmed its position that defense counsel's waiver of defendant's right to a jury trial in defendant's presence is a sufficient jury waiver if defendant does not object. (See also *People v. Frey* (1984), 103 Ill. 2d 327, 469 N.E.2d 195; *People v. Smith* (1985), 106 Ill. 2d 327, 478 N.E.2d 357.) Accordingly, we conclude that defendant's argument as

---

[1]We further note that if defendant had not been present when his counsel waived his right to a jury, defendant could obtain relief by filing a petition in the trial court under either section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) or section 122—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) or both. *People v. Banks* (1984), 121 Ill. App. 3d 279, 459 N.E.2d 992.

to this issue is without merit.

■ Next, defendant asserts that the State failed to prove him guilty beyond a reasonable doubt of aggravated battery. In the instant matter, defendant claims: (1) that when he fought with complainant on January 27, 1984, a gun discharged and injured complainant; (2) that the only evidence placing him at the scene of the incident was complainant's testimony; and (3) that complainant's affidavit negates complainant's allegations that defendant was involved in the shooting.

The evidence presented by complainant and accepted by the trial court as true was that defendant forced complainant from the apartment of a tenant whom complainant was visiting, struck complainant, then shot him in his left thigh and fled from the building. Subsequently, defendant gave complainant a $500 check, which complainant later determined was not negotiable, in exchange for complainant's execution of an affidavit exonerating defendant of any blame. According to Officer Patton defendant admitted that he shot complainant during an altercation. The evidence presented by the State establishing that defendant shot complainant without justification was clear and positive while that presented by defendant was incredible. Defendant has both admitted that he shot complainant, yet he still argues that he was neither at the scene of the crime nor involved with the offense. Defendant's contention that the evidence presented by the State was insufficient to establish his guilt is not well founded. *People v. Freeman* (1981), 101 Ill. App. 3d 1014, 1022, 428 N.E.2d 1073.

■ Defendant also maintains that the trial court erroneously shifted the burden of proof to him requiring that he raise a reasonable doubt as to his guilt rather than demanding that the State prove his guilt beyond a reasonable doubt. Defendant failed to preserve this issue for review by making a timely objection or raising it in his post-trial motion. A reviewing court will not address issues raised for the first time on appeal. (*People v. Lewis* (1981), 95 Ill. App. 3d 82, 85, 419 N.E.2d 641.) Further, the State's evidence clearly established defendant's guilt.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ, J., concurs.

JUSTICE PINCHAM, dissenting:
I dissent. The record does not reveal that the defendant was ad-

vised of his right to be tried by a jury or that the defendant knowingly and intelligently waived that right.

The constitution of this State confers upon a criminally accused defendant the right to be tried by a jury. Section 13 of article I of the Illinois State Constitution provides, "The right of trial by jury as heretofore enjoyed shall remain inviolate." (Ill. Const. 1970, art. I, sec. 13). The Sixth Amendment to the Constitution of the United States provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district, wherein the crime shall have been committed." U.S. Const., amend. VI.

In *Duncan v. Louisiana* (1968), 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444, the trial court denied the defendant's request for a jury trial for a simple battery offense, the maximum penalty for which was two years' imprisonment and a $300 fine. The Louisiana State Constitution conferred the right to a jury trial only in cases in which the punishment was death or imprisonment at hard labor. The defendant was subsequently convicted and sentenced to 60 days' imprisonment and fined $150.

Reversing the conviction, the United States Supreme Court held: "Because we believe that trial by jury in criminal cases is fundamental to the American scheme of justice, we hold that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee." (*Duncan v. Louisiana* (1968), 391 U.S. 145, 149, 20 L. Ed. 2d 491, 496, 88 S. Ct. 1444, 1447.) The court's opinion reviews the history of the right of a criminally accused defendant to be tried by a jury and is a compelling reminder that that right is essential to a free society. The court's language is appropriate here:

> "The history of trial by jury in criminal cases has been frequently told. It is sufficient for present purposes to say that by the time our Constitution was written, jury trial in criminal cases had been in existence in England for several centuries and carried impressive credentials traced by many to Magna Carta. Its preservation and proper operation as a protection against arbitrary rule were among the major objectives of the revolutionary settlement which was expressed in the Declaration and Bill of Rights of 1689. In the 18th century Blackstone could write:
>
> > 'Our law has therefore wisely placed this strong and twofold barrier, of a presentment and a trial by jury, between

the liberties of the people and the prerogative of the crown. \*\*\*.'

\* \* \*

A right to jury trial is granted to criminal defendants in order to prevent oppression by the Government.

Those who wrote our constitutions knew from history and experience that it was necessary to protect against unfounded criminal charges brought to eliminate enemies and against judges too responsive to the voice of higher authority. The framers of the constitutions strove to create an independent judiciary but insisted upon further protection against arbitrary action. Providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge. If the defendant preferred the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it. Beyond this, the jury trial provisions in the Federal and State Constitutions reflect a fundamental decision about the exercise of official power—a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges. Fear of unchecked power, so typical of our State and Federal Governments in other respects, found expression in the criminal law in this insistence upon community participation in the determination of guilt or innocence." (Footnotes omitted.) 391 U.S. 145, 151, 155-56, 20 L. Ed. 2d 491, 497, 499-500, 88 S. Ct. 1444, 1448, 1450-51.

It is provided in the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—6) that "[e]very person accused of an offense shall have the right to a trial by jury *unless understandingly waived by a defendant in open court.*" (Emphasis added.) In *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 355-56, 282 N.E.2d 720, the supreme court reversed the defendants' convictions and sentences because the record failed to establish that they knowingly waived their right to be tried by a jury. Citing section 1036 of the Code of Criminal Procedure of 1963, the court in *McLean* stated: "A defendant who is informed and who expresses his desire may waive his right to a jury trial. [Citation.] *This waiver must be understandingly accomplished in open court* (Ill. Rev. Stat. 1971, ch. 38, par. 103—6; [citation]), *and it is the court's duty to establish that the waiver is properly made.*" (Emphasis added.) (*County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 355-56, 282 N.E.2d 720.)

See also *People v. Williams* (1966), 36 Ill. 2d 194, 202, 222 N.E.2d 321, *cert. denied* (1967), 388 U.S. 923, 18 L. Ed. 2d 1372, 87 S. Ct. 2126; *People v. Wesley* (1964), 30 Ill. 2d 131, 133, 195 N.E.2d 708; *People v. Clark* (1964), 30 Ill. 2d 216, 220, 195 N.E.2d 631; *People v. Surgeon* (1958), 15 Ill. 2d 236, 238, 154 N.E.2d 253.

In the case at bar, the record fails to establish that waiver of the jury by the defendant was *"understandingly accomplished in open court."* Nor does the record establish that the trial court fulfilled its duty to establish that the waiver was properly made.

The instant trial was in a branch court, which conducts probable cause preliminary hearings, bail hearings, probable cause hearings for the filing of complaints for preliminary examination and informations and for the issuance of arrest warrants and misdemeanor trials. These proceedings are conducted before the court throughout the judicial day, while defendants, victims, complainants and witnesses are in the halls outside the courtroom waiting for their case to be called. The record affirmatively establishes that the complainant in this case was not present in court when the case was called. The record does not establish, however, that the defendant was present in court when the case was called, or when the colloquy occurred between the court and defense counsel regarding the not guilty plea and whether there was to be a waiver of trial by jury. The following occurred when the case was called:

"THE CLERK: Sheet 2 line 14; People of the State of Illinois Versus Perry Turner.

MR. ABRAMS: For the record, my name is Martin Abrams on behalf of Perry Turner; and we are ready for trial today. Judge, just for the record, on January 11th of '85 I mailed to the State an amended answer to discovery. I never filed the original with the Court. I'm asking leave to do so now. In addition, I have subpoenaed two witnesses for the court today. *** Neither has shown up as of yet. I'm not certain as of now that they'll be needed, but they may be needed later in the case, Judge.

THE COURT: The State's ready to proceed?

MR. BURKE: Yes.

THE COURT: The plea of not guilty, jury waived?

MR. ABRAMS: Yes, Judge.

THE COURT: Call your first witness.

MR. BURKE: Judge, we would call Mr. James Pack as our first witness—Who is down the hall in the witness room."

It cannot be discerned which of the court's two inquiries—the plea

of not guilty inquiry or the jury waiver inquiry—that defense counsel answered when he responded, "Yes, Judge," or if his response was to both inquiries. In any event, the record does not establish that the defendant was present in court during the court's inquiries or during defense counsel's response.

The fact that the defendant was a college graduate and not a stranger to the criminal justice system, as the majority points out, is irrelevant in determining whether the defendant was informed and advised of his right to be tried by a jury or whether he intelligently and knowingly waived that right. On the other hand, a defendant's academic status and familiarity with the criminal justice system *are* appropriate considerations in determining whether the defendant understood his constitutional right to be tried by a jury after being so advised by the court in open court, and in determining whether, after being so advised, the defendant knowingly waived such right. Here, where the record fails to establish that the defendant was advised and of his right to a jury trial by the trial judge and where the record fails to establish that the defendant was present when his attorney responded to the court's inquiry, the defendant's educational status and acquaintance with the criminal justice system are irrelevant.

Also, because the record does not establish that the defendant was present in court during the colloquy between the trial judge and counsel, the majority's reliance on the State's contention that the defendant did not express dissatisfaction with defense counsel's statement that trial by jury was waived, is ill founded, as is the majority's reliance on the State's contention that the defendant did not ask for a jury trial. A defendant is not required to ask for a trial by jury, in lieu of the court admonishing him of his right thereto. It is the initial duty of the trial judge to advise the defendant of his right to a jury trial and it is the court's further duty to ascertain that the election of an accused to forego a trial by jury is understandingly and intelligently made. *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 355-56, 282 N.E.2d 720; *People v. Williams* (1966), 36 Ill. 2d 194, 202, 222 N.E.2d 321, *cert. denied* (1967), 388 U.S. 923, 18 L. Ed. 2d 1372, 87 S. Ct. 2126; *People v. Wesley* (1964), 30 Ill. 2d 131, 133, 195 N.E.2d 708.

Law enforcement officers are charged with the duty to advise custodial defendants of their *Miranda* rights against self-incrimination and right to counsel, as provided by the Fifth Amendment to the Constitution of the United States. Law enforcement officers are further charged with the responsibility to determine, before questioning begins, that the custodial defendant understands his *Miranda* rights and

that he knowingly, intelligently, freely and voluntarily waives them. Is it not contradictory for such duties to be imposed on law enforcement officers and then for the judiciary, upon whom citizens must ultimately rely for protection and enforcement of their constitutional guarantees, to so callously and nonchalantly abrogate its duty by not giving corresponding admonitions and similarly determine whether the defendant has intelligently waived his Sixth Amendment constitutional right to a trial by jury? A judge's admonition to a defendant of his right to a jury and a determination of his intelligent waiver thereof requires minuscule time and effort (far less than the *Miranda* warnings), and are not burdensome.

The defendant in this case filed a post-trial motion, paragraph 9 of which states:

"That further, this Honorable Court erred in that the defendant did not knowingly and intelligently waive his right to trial by jury and submit this cause to this Honorable Court for a bench trial."

When the defendant's attorney began his argument in support of the post-trial motion, the trial judge interrupted his presentation and pointed out that paragraph 9 of the motion alleged that the defendant did not intelligently waive his right to a jury trial. The complete dialogue before the trial court follows:

"THE COURT: *** Number 9, the defense alleges this honorable court erred that the defendant did not intelligently waive his right to a jury trial. I have a partial transcript from the court reporter which indicates before the commencement of the proceedings the court asked defense counsel, this is a plea of not guilty jury waives. Answer, yes, Judge. Then we proceeded to the testimony.

MR. AGRAN: Judge, the reason that was in the motion is I didn't recall that, I am certainly not going to contest what is in the transcript.

THE COURT: The court in that regard cites, since we did not find a written jury waiver in the file, but we do have a notation on the half sheet that the jury was waived and the court notes indicate it is a bench. The court cites *People vs. Fletcher* 42 Il. App. 3rd, page 974, where the record was corrected by a judges notes, and also *People vs. LaSalle*, which indicates jury waiver need not be written, 121 Ill. App. 108; *People vs. Merrell*, 60 Il. 2d; *People vs. Fry*, 103 Il. 2d 327, which indicates counsel's waiver and the defendant's presence is valid, that is sufficient for jury waiver.

. In view of the court's notes and recollections of the case, the motion for new trial and arrest of judgment is denied. Can we proceed with aggravation and mitigation? We have a presentence investigation on file."

The trial judge did not set forth in the record what his notes reflected, nor did he say that his notes reflected that the defendant was present in court during the pretrial colloquy with defense counsel regarding the defendant's plea of not guilty and whether a jury was being waived.

The majority's contention that the defendant was present during the presentation of his post-trial motion "and did not claim he wanted or that he had been deprived of a jury trial" imposes the additional burden on the defendant to discommode the post-trial proceedings and verbally supplement his written post-trial motion. Moreover, it undesirably requires the defendant to usurp his attorney's efforts and represent himself.

The majority's position that the defendant or his counsel "should have made an adequate memorial of his absence to preserve the issue for appeal," mandates (1) that the defendant supplement his attorney's representation; (2) that the defendant's written post-trial motion be verbally substantiated to preserve a point raised therein; and (3) that the defendant establish that he did not waive a jury trial, rather than the State establish that he did. This is an invalid shifting of the State's burden. To impose on the defendant the burden of proving that no waiver occurred conflicts with the United States Supreme Court's ruling in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.

The majority further states that the defendant "was [not] in any way prejudiced by his counsel's waiver" of a jury. Because no authority is cited for this proposition, it appears to be a novel prerequisite for a defendant who seeks to establish that he did not waive a jury.

The majority concludes that the defendant waived a jury because he was present in court and acquiesced to his attorney's waiver of his right to a jury. The majority goes on to point out "that if the defendant was not present when his counsel waived his right to a jury, defendant can obtain relief by filing a [post-conviction] petition in the trial court." This suggests that the majority is not convinced that the record establishes that the defendant was present in court during the jury waiver colloquy.

The majority's reliance on *People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762; *People v. Smith* (1985), 106 Ill. 2d 327, 478 N.E.2d 357; *People v. Frey* (1984), 103 Ill. 2d 327, 469 N.E.2d 195 and *People*

*v. Spain* (1980), 91 Ill. App. 3d 900, 415 N.E.2d 456 is misplaced. In each of these cases, the defendant was present in court when the jury was waived and in each case, the reviewing court pointed out where in the record it was established that the defendant was present. In the case at bar, although the majority states that the defendant was present in court when the waiver occurred, the majority does not refer to any portion of the record to support this claim. I do not interpret any of the foregoing cases as authority for the majority's position on this issue.

For the reasons stated, I would reverse the judgment of conviction and remand the cause for a new trial.