THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY T. SIMMONS, Defendant-Appellant.

Second District    No. 2—87—0652

Opinion filed June 14, 1988.

William P. Brady, of Gallagher, Fuenty & Klein, of De Kalb, for appellant.

Philip L. DiMarzio, State's Attorney, of Sycamore (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Terry Simmons, appeals his convictions and sentence for battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—3). Defendant contends that he did not validly waive his right to a jury trial and that his 18-month term of probation is longer than the statutory maximum for this offense.

Defendant was initially charged with two counts of battery. On February 10, 1987, attorney James O'Grady entered his appearance for defendant. The form which O'Grady filed also purported to waive a jury trial in the cause. The docket sheet entry for that date states, "entry of App. by J. O'Grady, [illegible], set for B.T. 3-2-87 at 10:00."

The cause was subsequently continued to April 6, 1987, when the court conducted a bench trial. Defendant was found guilty on both counts and was later sentenced to 12 months' work release and 18 months' probation. Defendant retained new counsel and filed a motion for a new trial alleging that defendant did not knowingly waive his right to a jury trial.

At the hearing on this motion, defendant's evidence consisted of his affidavit and that of Maureen A. Josh, De Kalb County circuit clerk. Defendant's affidavit stated, in relevant part, that defendant did not enter a plea or waive a jury trial on February 9, 1987; that he did not again appear in court until April 6, 1987; that on that day he did not agree either orally or in writing to waive a jury trial and his attorney did not do so in his presence. Josh's affidavit stated that attorney O'Grady filed his appearance for defendant on February 10, 1987; that on that date defendant's case was not before a judge of De Kalb County; that the record sheets for the cause reflect that the only mention of a jury waiver was on February 10, 1987, when O'Grady entered his appearance; that an order was filed in the clerk's office on February 19, 1987, continuing the matter for trial to April 6, 1987; and that defendant did not appear in court on that date.

The court denied defendant's motion on the basis that defendant

has a criminal record, that defendant did not object on the date of trial, and that if defendant prevailed, the existing practice in De Kalb County would have to be modified. In announcing its decision, the court stated:

"In this case we had a slight deviation from that because defense counsel appeared at the Clerk's office and had a waiver of jury trial rather than appearance and demand for jury trial. It is also the practice in De Kalb County that often defense lawyers appear in court on assigned court dates for their clients and advise the Court verbally, we want a bench trial, we intend to waive jury, or words to that effect and the Court then sets the matter for bench trial without the defendant being present, and that the attorney and his client then come in on the date assigned for bench trial and the case proceeds to trial.

So, the procedure employed in this case is in accordance with our normal practice. Now, that doesn't make it right, but it is in accordance with our normal practice, and if we are to adopt the defendant's position in this case, then we must radically modify our practice by requiring that every criminal defendant who has a court date appear on his court date regardless of whether or not he has an attorney and we must at that time verbally advise him of his right to trial and we must at that time ascertain from him personally that irregardless of the presence or absence of the defendant we should probably memorialize his wishes by having him sign a written jury demand or jury waiver at that time."

Section 103—6 of the Code of Criminal Procedure of 1963 provides:

■ "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." (Ill. Rev. Stat. 1985, ch. 38, par. 103—6.)

The trial court has the affirmative duty to see that defendant's waiver of his right to a jury trial is expressly and understandingly made. (*People v. Bristow* (1980), 80 Ill. App. 3d 535, 537-38.) A defendant does not waive the right by merely remaining silent during trial. (*County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 356.) Furthermore, although defense counsel may waive trial by jury if the defendant does not object, such waiver must be made in the defendant's presence. *People v. Smith* (1985), 106 Ill. 2d 327, 334; *People v. Jackson* (1987), 161 Ill. App. 3d 573, 579.

■ The State contends that defendant has not presented a sufficient record to review his claim, citing *Smith.* In *Smith,* the supreme

court held that "when an entry in the common law record indicates that a jury waiver has been made, a defendant seeking review of that question should include in the record on appeal a transcript, or suitable substitute for one, of the corresponding proceeding." (*Smith*, 106 Ill. 2d at 335.) In the case consolidated with *Smith*, the only mention of a jury waiver was in the half-sheet record for the day in question. Defendant offered the transcript for that date, which contains no mention of jury waiver, and the court found defendant had adequately preserved the issue. *Smith*, 106 Ill. 2d at 336.

In the instant case, the only mentions of defendant's jury waiver are O'Grady's appearance form filed February 9, 1987, and a corresponding entry on the docket sheet for that date. The affidavits of defendant and Josh establish that no proceeding took place on February 9, and therefore no transcript is available. Defendant has not provided a transcript of the trial itself. Defendant's affidavit, however, asserts that he was not admonished of his right to a jury trial at that time and that he neither made nor acquiesced in a waiver of this right. Furthermore, the truth of this assertion was implicitly acknowledged by the trial judge, who stated that it is the practice in misdemeanor cases in De Kalb County for defense attorneys to waive jury trials outside the presence of their clients and that the procedure in the instant case was "in accordance with our normal practice." The fact that De Kalb County may be forced to alter its standard practice to comply with the clear requirements of the Code of Criminal Procedure and supreme court decisions is not a basis for denying defendant the benefit of those protections.

Because of our disposition of defendant's first issue on appeal, we need not reach his second argument, that his probation term was longer than the maximum statutory term for his offense. We note, however, that defendant was convicted of battery, which is a Class A misdemeanor (Ill. Rev. Stat. 1985, ch. 38, par. 12—3(b)). The maximum term of probation which may be imposed upon conviction of a misdemeanor is one year. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—2(b)(3).) For the foregoing reasons, defendant's convictions for battery are reversed, and the cause is remanded for a new trial.

Reversed and remanded.

NASH and REINHARD, JJ., concur.